UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL JOHN VINTON<br><br>　　　　　Defendant. | 5:16-CR-50134-CCT<br><br>**ORDER GRANTING MOTION<br>TO REDUCE SENTENCE** |

　　Defendant, Michael John Vinton, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 50. Plaintiff, the United States of America, agrees that Vinton's motion should be granted. Docket 53. For the following reasons, Vinton's motion for a sentence reduction is granted.

## DISCUSSION

　　The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a … resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

　　"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

1

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. See U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On July 5, 2017, the court sentenced Vinton to 135 months in prison for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Docket 48. Vinton obtained 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 43 at 33. Vinton's Guideline range, based on a total offense level of 29 and a Criminal History Category of III, was 108-135 months in custody, but a mandatory minimum sentence of 10 years' custody applied, therefore, the guideline range was 120 to 135 months. Docket 43 at 49; USSG §5G1.1(c)(2).

On November 21, 2024, Vinton filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 50 at 1. Vinton believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. 4A1.1(e) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. Docket 50 at 2. He requests a sentence term of 126 months' custody. *Id.* at 4-5.

I. **U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

Vinton meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, Vinton receives 0 "status points," which gives him a total of 3 criminal history points, resulting in him being in Criminal History Category II**,** with an advisory guideline range of 120-121 months in custody. However, a reduction in sentence to 121 months would not allow Vinton to complete the Residential Sex Offender Treatment Program ("SOTP-R")

3

so he has requested an above the amended guideline range sentence of no more than 126 months.

After considering all the § 33553(a) factors, and the parties' agreement that reducing the sentence to 126 months is an appropriate reduction in sentence, the court finds the appropriate sentence to be 126 months in custody and grants Vinton's motion.

## CONCLUSION

It is ORDERED that Vinton's motion (Docket 50) is GRANTED. Probation is directed to prepare an amended Judgment that reflects a sentence of 126 months in custody.

Dated December 16, 2024.

BY THE COURT:

_____
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE